IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMBASSADOR ANIMAL HOPSITAL, LTD. individually and as the representative of a class of similarly situated persons, | Case No. 20-cv-2886 |
| Plaintiff, | Judge Mary M. Rowland |
| v. | |
| ELANCO ANIMAL HEALTH, INCORPORATED and ELI LILLY AND COMPANY, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ambassador Animal Hospital brings this putative class action against Defendants Elanco Animal Health, Inc. and Eli Lilly and Company alleging violations of the Telephone Consumer Protection Act (TCPA) and Illinois common law. The defendants move to dismiss the complaint for failing to state a claim. Eli Lilly also moves to strike part of the proposed class, and Ambassador moves to cite supplemental authority related to that motion. For reasons stated herein, the defendants' Motion to Dismiss [23] is granted without prejudice, and the motions to strike and cite supplemental authority [25, 44] are dismissed as moot.

   I.   **Background**

The following factual allegations are taken from the Complaint (Dkt. 1-1) and are accepted as true for the purposes of the motion to dismiss. *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

Ambassador brings this suit against Elanco and Eli Lilly alleging violations of the TCPA and Illinois common law arising from fax messages sent by Elanco to Ambassador. Ambassador is a veterinary hospital based in Oak Park. Dkt. 1-1 ¶ 9. Elanco is an animal health products and services company incorporated in Delaware and based in Greenfield, Indiana. *Id.* at ¶¶ 9, 13. Eli Lilly is a global pharmaceuticals company incorporated in Delaware and headquartered in Indianapolis, Indiana. *Id.* at ¶¶ 11, 14. Elanco was a division of Eli Lilly until September 2018, when Elanco was made public. *Id.* at ¶ 13. Eli Lilly sold its last shares in the company in March 2019. *Id.*

In April 2018, defendant sent Ambassador two unsolicited faxes. *Id.* at ¶ 15. Ambassador believes these faxes were part of a larger broadcast to thousands of veterinary institutions. *Id.* The faxes invited the recipient veterinary professionals to attend presentations hosted by Elanco in Buffalo Grove on the topics of "Rethinking Management of Osteoarthritis" and "Canine and Feline Disease Prevention Hot Topics." *Id.* at ¶¶ 17-18; Ex. A, Fax Messages. The faxes prominently feature Elanco's name and logo and state that the lectures had been approved for continuing education credit. *Id.* at Ex. A, Fax Messages. Interested individuals were requested to RSVP by phone. *Id.*

Ambassador never gave Elanco permission to send it advertisements by fax, and the faxes did not contain any opt-out notice. *Id.* at ¶¶ 20-21. Ambassador alleges that the advertised presentations were used by Elanco to market its animal health products and services. *Id.* at ¶ 17. However, Ambassador does not state that any

2

employee actually attended the programs or attempted to register for them. Receipt of the faxes consumed Ambassador's paper, toner, and employee time. *Id.* at ¶ 46.

In response, Ambassador filed this suit in the Circuit Court of Cook County on April 10, 2020. On May 13, the defendants removed the case to federal court.

## II. Standard

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chi.,* 910 F.2d 1510, 1520 (7th Cir. 1990). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC,* 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted). *See also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A court deciding a Rule 12(b)(6) motion accepts plaintiff's well-pleaded factual allegations as true and draws all permissible inferences in plaintiff's favor. *Fortres Grand Corp. v. Warner Bros. Entm't Inc.,* 763 F.3d 696, 700 (7th Cir. 2014).

A plaintiff need not plead "detailed factual allegations", but "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate under Federal Rule of Civil Procedure 8." *Bell v. City of Chi.,* 835 F.3d 736, 738 (7th Cir. 2016) (citation and internal quotation marks omitted). When ruling on motions to dismiss, courts may also consider documents attached to the pleadings without converting the motion to

3

dismiss into a motion for summary judgment, so long as the documents are referred to in the complaint and central to the plaintiff's claims. *See Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014); Fed. R. Civ. P. 10(c).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966 (2007). Deciding the plausibility of the claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009)).

### III.   Analysis

In its complaint, Ambassador raised two counts against the defendants: (1) violations of the TCPA, and (2) conversion in violation of Illinois law. We consider the counts in turn.

#### A. Ambassador Has Not Shown That the Faxes Were an Unsolicited Advertisement

*1. Applying the TCPA*

The TCPA generally prohibits the use of "any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C). An "unsolicited advertisement" is in turn defined as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation." *Id.* at § 227(a)(5).

4

The meaning of "commercial availability and quality" is contestable, especially if the fax advertises items offered for free. "Congress has not spoken directly on the issue of whether an advertisement for free services [is an] unsolicited advertisements under the TCPA." *GM Sign, Inc. v. MFG.com, Inc.*, No. 08 C 7106, 2009 WL 1137751, at *2 (N.D. Ill. Apr. 24, 2009). In such situations, the fax is not an "overt advertisement." *Orrington v. Scion Dental, Inc.*, No. 17-CV-00884, 2017 WL 2880900, at *5 (N.D. Ill. July 6, 2017).

For guidance in these situations, courts in this district have looked to the FCC's construction of the statute. *Orrington*, 2017 WL 2880900, at *3. Because, "[i]n many instances, 'free' seminars serve as a pretext to advertise commercial products or services" faxes "that promote goods or services even at no cost, such as free magazine subscriptions, catalogs, or free consultations or seminars, are unsolicited advertisements under the TCPA's definition." *In re Rules and Regs. Implementing the Tel. Consumer Protection Act of 1991 and the Junk Fax Prevention Act of 2005*, 21 F.C.C.R. 3787, 3814 (Apr. 6, 2006).[1] In applying this principle, courts have required plaintiffs to show that the free offering described in the fax was a pretext for some other commercial motive. *Orrington*, 2017 WL 2880900, at *3;[2] *see Physicians*

---

[1] The defendants argue that the Court is not bound by the FCC's interpretation of the TCPA. We do not reach this issue today, however, because the outcome is same in either case.

[2] The plaintiff in *Orrington* failed to show a commercial motive in his initial complaint. Ambassador asserts that his amended complaint survived a motion to dismiss. That is true but does not help Ambassador here because Orrington's amended complaint detailed how the free seminar advertised was integral to the defendant's business model. *Orrington v. Scion Dental, Inc.*, No. 17-CV-00884, 2017 WL 5569741 (N.D. Ill. Nov. 20, 2017).

5

*Healthsource, Inc. v. Alma Lasers, Inc.*, No. 12 C 4978, 2012 WL 4120506, at *2 (N.D. Ill. Sept. 18, 2012).

When evaluating whether an unsolicited fax advertising some free product or service violates the TCPA, the dispositive question is whether the free offering was a pretext for the fax's true, commercial purpose. The presence of a company's name or logo on a fax is not, by itself, sufficient to infer a commercial purpose. *See Phillips Randolph Enterprises, LLC v. Adler-Weiner Research Chicago, Inc.*, 526 F. Supp. 2d 851 (N.D. Ill. 2007) (holding that the plaintiff had not shown a fax had a commercial purpose despite it prominently featuring the sender's name and logo). Instead, a commercial purpose is found when the fax-sender "promoted its products and services" using the free offering. *Physicians Healthsource, Inc.*, 2012 WL 4120506, at *2.

*2. The Faxes are not advertisements on their face*

In the instant case, Elanco sent two faxes to Ambassador notifying it of free seminars that had been approved for continuing education credit for veterinarians. The text of the faxes includes Elanco's name and logo but does not mention any of the company's products or services. As a result, the faxes do not advertise Elanco's products.

Ambassador, however, argues that the faxes are overt advertisements, despite making no reference to Elanco's commercial products. In support of this view, it relies on the Seventh Circuit case *Ira Holtzman, C.P.A. v. Turza*. 728 F.3d 682 (7th Cir. 2013). In *Holtzman*, Turza, a lawyer, sent hundreds of CPAs occasional "newsletters"

6

via fax. *Id.* at 683. These faxes "devote[d] about 75% of the space to mundane advice and the remainder to Turza's name, address, logo, and specialties." *Id.* at 686. Turza admitted that this was "marketing," but argued that the portion describing his business was "merely incidental" to the newsletter's business advice. *Id.* at 687. The court found that the newsletters were advertisements, stating that the fact that "75% of the page is not an ad does not detract from the fact that the fax contains an advertisement." *Id.*

The present case is different from *Holtzman* because Elanco's fax does not list Elanco's product offerings nor contain contact information beyond a phone number to RSVP for the event. In contrast, the fax in *Holtzman* clearly states the "commercial availability" of Turza's services in estate planning and other fields. *Id.*

Ambassador argues that such availability can be inferred by the recipient veterinarians because of their familiarity with Elanco's business. But reading the fax, one would not know whether Elanco made any drugs related to osteoarthritis or feline disease prevention. Ambassador cites no authority for the proposition that a reader's possible knowledge can transform an otherwise benign fax into an advertisement. And it is in clear tension with this district's precedent that the presence of a name and logo does not transform a fax into an advertisement. *See Phillips Randolph Enterprises, LLC v. Adler-Weiner Research Chicago, Inc.*, 526 F. Supp. 2d 851 (N.D. Ill. 2007). Whether or not Elanco's faxes violated the TCPA thus turns on whether its free seminars served as a pretext for a commercial interest.

    *3. Ambassador has not pled that the seminars are pretextual*

7

The faxes present no reason to believe that the continuing education seminars promoted Elanco's products and services. The Complaint states that "[o]n information and belief, Elanco . . . used [the presentations] to market its animal health goods and services." Dkt. 1-1 ¶ 18. But Ambassador admits that it does not "know the content . . . of Defendants' free seminars because . . . Plaintiff did not sign up and attend." Pl. Resp., Dkt. 36 at 3. As a result, Ambassador's allegations about the nature of the seminars are "mere labels and conclusions" insufficient to survive a motion to dismiss. *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016).

Ambassador counters by citing several cases where a free seminar was found to be a pretext for some commercial purpose. In most of the cases cited, however, the plaintiff was either required to opt-in to the defendant's future marketing to attend the seminar, *see Am.'s Health & Res. Ctr., Ltd. v. Promologics, Inc.*, No. 16-CV-9281, 2017 WL 5001284, at *1 (N.D. Ill. Nov. 2, 2017); *N. Suburban Chiropractic Clinic, Ltd. v. Merck & Co.*, No. 13-CV-3113, 2013 WL 5170754, at *2 (N.D. Ill. Sept. 13, 2013); or the seminar itself contained specific references to the defendant's products, *see Physicians Healthsource, Inc. v. Stryker Sales Corp.*, 65 F. Supp. 3d 482, 487 (W.D. Mich. 2014), as amended (Jan. 12, 2015). In *Promologics*, the plaintiff also pled with specificity that the defendants sold registrant data and directly marketed their products to seminar attendees. 2017 WL 5001284, at *2.

The plaintiffs in these cases were able to allege a commercial purpose for the faxes with particularity, something Ambassador does not do. Along with failing to adequately plead that the seminars themselves marketed Elanco products,

8

Ambassador does not allege that registration for the seminars required consent to receive future marketing or to have one's information sold. Indeed, the fax suggests the opposite, as registration could only take place via telephone, not a corporate webpage that might have contained advertisements or consent forms. *Orrington v. Scion Dental, Inc.*, No. 17-CV-00884, 2017 WL 2880900, at *4 (N.D. Ill. July 6, 2017) (noting that registration on a corporate website implies a commercial purpose). In only one cited in-circuit case, *Physicians Healthsource, Inc. v. Alma Lasers, Inc*, was the bare allegation that a free seminar was used "to market [the defendant]'s goods or services" sufficient to state a claim. No. 12 C 4978, 2012 WL 4120506, at *2 (N.D. Ill. Sept. 18, 2012). The court does not find this lone example persuasive.

Ambassador also argues that the Court should adopt the standard articulated by the Second Circuit in the dicta of *Physicians Healthsource, Inc. v. Boehringer Ingelheim Pharmaceuticals, Inc.*, which would assume a commercial purpose at the pleading stage whenever "it is alleged that a firm sent an unsolicited fax promoting a free seminar discussing a subject that relates to the firm's products or services." 847 F.3d 92, 95 (2d Cir. 2017). The Seventh Circuit has yet to adopt this expansive standard in fax cases. And while the Court shares the Second Circuit's concern about fax recipient plaintiffs not knowing whether the seminar was used for purposes of advertising, the Court finds it less compelling here where, unlike in *Boehringer*, the free seminar was certified for continuing education credit and thus has educational value.

Failing to show that the seminars promoted Elanco's products, Ambassador argues that they served a commercial purpose by generating goodwill for the company by providing free dinners and continuing education credit to potential customers. Ambassador may well be correct that this was Elanco's intention. But "'[t]he fact that the sender might gain an ancillary, remote, and hypothetical economic benefit later on does not convert a noncommercial, informational communication into a commercial solicitation.'" *Orrington v. Scion Dental, Inc.*, No. 17-CV-0884, 2019 WL 4934696, at *5 (N.D. Ill. Oct. 7, 2019) (quoting *Sandusky Wellness Center, LLC v. Medco Health Solutions, Inc.*, 788 F.3d 218, 225 (6th Cir. 2015)) (finding that the goodwill generated from advertising a helpful free service did not constitute a commercial purpose). The possible goodwill generated by offering a continuing education seminar is not, on its own, enough to imbue a fax with commercial purpose. As a result, Ambassador has not adequately alleged that the faxes were "unsolicited advertisements" as defined by the TCPA. Ambassador has failed to plead a non-speculative violation of the TCPA, and so the count is dismissed without prejudice.

### B. The Court Declines to Exercise Jurisdiction Over the Illinois Law Conversion Claim

In this case, Ambassador brought a federal law claim, the alleged violation of the TCPA, over which the Court has original jurisdiction, and an Illinois law claim, conversion, over which the Court has supplemental jurisdiction. The Court may decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In light of this case's contested state law issues and the fact that the plaintiff originally brought the action

in state court, the Court declines to exercise its supplemental jurisdiction. The conversion claim is dismissed without prejudice.

## IV. Conclusion

For the stated reasons, the defendants' Motion to Dismiss [23] is granted without prejudice. Because the Complaint has been dismissed, the motions related to the scope of the class are moot. Eli Lilly's Motion to Strike [25] and Ambassador's Motion to Cite Supplemental Authority [44] are denied as moot.

E N T E R:

Dated: February 18, 2021

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge

11