## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Ambassador Animal Hospital, Ltd., individually and as the representative of a class of similarly situated persons, | |
| | Case No. 20-cv-2886 |
| Plaintiff, | |
| | Judge Mary M. Rowland |
| v. | |
| Elanco Animal Health, Incorporated and Eli Lilly and Company, | |
| | |
| Defendants. | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Ambassador Animal Hospital, Ltd. brings this putative class action against Elanco Animal Health, Incorporated and its former parent company, Eli Lilly and Company, for violations of the Telephone Consumer Protection Act (TCPA) and Illinois conversion law. In its original complaint, Plaintiff claimed that Defendants sent her faxes without her consent for commercial purposes. Defendants did not deny sending the faxes but maintained that the complaint failed to plausibly allege that the faxes constituted unlawful commercial advertisements. This Court agreed and granted Defendants' motion to dismiss and allowed Plaintiff an opportunity to amend. Plaintiff timely filed an amended complaint [48], which Defendants have again moved to dismiss [51]. For the reasons explained below, this Court concludes that Plaintiff's amended complaint fails to cure the factual deficiencies identified previously, and thus, grants Defendants' renewed motion to dismiss [51].

1

## I.  Background

This Court presumes familiarity with, and incorporates by reference, its prior opinion on Defendants' original motion to dismiss, *see Ambassador Animal Hospital, Ltd. v. Elanco Animal Health, Inc.*, No. 20-CV-2886, 2021 WL 633358 (N.D. Ill. Feb. 18, 2021).  The following facts come from Plaintiff's amended complaint.

Defendant Elanco provides products and services for the animal health and food-animal production industries.  [48] ¶ 14.  As of April 2018, Elanco was a division of Defendant Lilly; in September 2018, Lilly spun off part of its stake in Elanco, and then disposed of its other shares in 2019.  *Id.*

Plaintiff alleges, on information and belief, that Defendants have sent thousands of advertisements via fax to targeted recipients.  *Id.* ¶ 16.  They sent two of those faxes to Plaintiff in April 2018.  *Id.*  The faxes invited veterinarians or veterinary practice owners to attend and participate in programs on topics of interest to veterinarians.  *Id.* ¶ 18.  The faxes sent to Plaintiff prominently feature the Elanco logo and say they are "Fm: Elanco Animal Health."  *Id.*  The faxes also appear to offer a free meal and "CE Credit" in exchange for attendance.  *Id.* ¶ 19.

Plaintiff did not expressly invite or give permission to anyone to receive these faxes.  *Id.* ¶ 40.  Plaintiff did not respond to either program invitation and did not attend any of the offered programs.  *Id.* ¶ 21.  Plaintiff alleges, on information and belief, that Elanco used the program invitations and programs to market its animal health goods and services.  *Id.* ¶ 22.  The first fax directed recipients to RSVP by calling Jim Archer, Senior District Manager at Elanco, and the second directed

2

recipients to call either a Taylor Johnson or Elanco's Executive Territory Manager, Nicole Cochran. *Id.* ¶¶ 25–26, 31–32.

As it did in its original complaint, Plaintiff brings a two-count amended complaint for violations of the TCPA (Count I) and conversion (Count II). *Id.* ¶¶ 54–71, 72–79.

## II.    Legal Standard

A motion to dismiss tests the sufficiency of a counterclaim, not the merits of the case. *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). To survive a motion to dismiss under Rule 12(b)(6), the counterclaim "must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion accepts the well-pleaded factual allegations as true and draws all permissible inferences in the pleading party's favor. *Degroot v. Client Servs., Inc.*, 977 F.3d 656, 659 (7th Cir. 2020).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586–87 (7th Cir.

3

2021) (quoting *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 676 (7th Cir. 2016)).

## III.    Analysis

### A.    TCPA and the Court's First Opinion

TCPA liability rests upon showing that a defendant used a facsimile machine, computer, or other device to send to a facsimile machine an "unsolicited advertisement," which means "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation." *Ambassador Animal Hosp.*, 2021 WL 633358, at *2 (first quoting 47 U.S.C. § 227 (b)(1)(C); then quoting 47 U.S.C. § 227(a)(5). Courts in this district determine whether a fax constitutes an unsolicited advertisement by assessing whether the "fax, on its face, constitutes an advertisement," or alternatively, whether the "fax is a pretext to an advertisement." *Podiatry in Motion, Inc. v. Interviewing Servs. of Am., LLC*, No. 20 C 3159, 2020 WL 5909063, at *2 (N.D. Ill. Oct. 5, 2020) (first citing *Phillips Randolph Enters., LLC v. Adler-Weiner Rsch. Chi., Inc.*, 526 F. Supp. 2d 851, 853 (N.D. Ill. 2007); then quoting *James L. Orrington, II, D.D.S., P.C. v. Scion Dental, Inc.*, No. 17 C 884, 2019 WL 4934696, at **3, 5 (N.D. Ill. Oct. 7, 2019)), *appeal dismissed sub nom. Podiatry in*

4

*Motion, Inc. v. Interviewing Serv. of Am., LLC*, No. 20-3157, 2021 WL 1784748 (7th Cir. Mar. 15, 2021).

### B.     Amended TCPA Allegations

Like the first round of motion to dismiss briefing, the sole dispute as to the TCPA claim concerns whether Defendants' faxes constitute such an "unsolicited advertisement" within the meaning of the TCPA.  In its prior opinion, this Court determined that they are not.  This Court held that the faxes do not constitute advertisements on their face because they mention Elanco's name and logo but do not mention any of the company's products or services.  *Ambassador Animal Hosp.*, 2021 WL 633358, at *3.   The amended complaint also did not plausibly plead that the faxes serve as a pretext to an advertisement because Plaintiff admitted that it did not know the content or purpose of Defendants' free seminars and could only state, upon information and belief, that Elanco used the seminars to market its goods and services.  *Id.*

The amended complaint falls short of curing the factual deficiencies this Court previously identified.   The faxes are the same, so on their face, they are not advertisements as they do not advertise Defendants' goods or services.  *See Advanced Dermatology v. Fieldwork, Inc.*, No. 19 C 05821, 2021 WL 3077663, at *4 (N.D. Ill. July 21, 2021) (holding that a fax did not facially constitute an advertisement because the defendant's "goods or services are not advertised on the face of the fax itself").

Nor does the amended complaint allege any new facts raising an inference that the faxes served as a pretext for marketing Defendants' goods or services.  Plaintiff

raises several arguments this Court previously rejected. First, it suggests that Defendants "showed the commercial purpose of their seminars" by offering seminars tailored to the products they hoped to sell. [58] at 6–7. But as this Court's explained before, the faxes do not themselves contain information showing that Elanco made drugs related to osteoarthritis or feline disease prevention. *Ambassador Animal Hosp.*, 2021 WL 633358, at *3. And even if a recipient of Defendants' faxes knew about Defendants' business, no authority exists for the proposition that a "reader's possible knowledge [about a defendant's products] can transform an otherwise benign fax into an advertisement." *Id.* This Court also has rejected Plaintiff's argument that Defendants' offer of a free dinner evidenced the commercial purpose of its faxes. *See id.* at *4; *contra* [58] at 7–8. Although Defendants may have intended to generate goodwill for the company by offering a free meal, the mere fact that they may gain a hypothetical economic benefit fails to convert a noncommercial communication into a commercial solicitation. *Ambassador Animal Hosp.*, 2021 WL 633358, at *4 (citing *Orrington*, at *5).

Plaintiff also contends that Defendants "showed the commercial purpose" of their seminars by requiring fax recipients to RSVP to senior or executive managers, not ministerial employees. [58] at 7. On this point, Plaintiff points to its new allegations that the faxes directed recipients to RSVP to Jim Archer, Senior District Manager at Elanco, and Nicole Cochran, Elanco's Executive Territory Manager. [58] at 7. Missing from the amended complaint, however, are further facts from which this Court could conclude that Defendants' RSVP request served as anything other

than what it was—an RSVP mechanism to a free seminar for continuing education credit—rather than a way to elicit business. Indeed, because Plaintiff continues to admit that it did not respond to either program invitation and did not attend any of the offered programs, [48] ¶ 21, it necessarily could not have known about the nature of the offered programs nor what an Elanco employee would have said on the phone to a recipient who RSVP'd to one of the faxes.

And in contrast to other cases where courts have declined to dismiss a complaint, Plaintiff does not and cannot allege that registration for Defendants' programs required consent to receive future marketing emails to have its information sold. *Ambassador Animal Hosp.*, 2021 WL 633358, at *4 (collecting cases). In short, Plaintiff simply has not alleged further facts that plausibly suggest a commercial purpose to Defendants' faxes; it has not raised a right to relief above the speculative level. *Haywood*, 887 F.3d at 333. For these reasons, this Court dismisses Count I, this time with prejudice.

### C.     The Conversion Claim in Count II

Generally, when a district court dismisses all of a plaintiff's federal claims, it should relinquish supplemental jurisdiction over state-law claims rather than resolve them on the merits. *Cortezano v. Salin Bank & Tr. Co.*, 680 F.3d 936, 941 (7th Cir. 2012); *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1252 (7th Cir. 1994) (pendent state-law claims "should be left to the state courts."); 28 U.S.C. § 1367(c). Because

this Court dismissed the federal claim in Count I, it declines to exercise supplemental jurisdiction over Plaintiff's state-law conversion claim in Count II.

## IV.     Conclusion

For the reasons explained above, this Court grants Defendants' motion to dismiss [51] the amended complaint [48].   This Court dismisses Count I with prejudice and declines to exercise supplemental jurisdiction over Count II.   The Clerk is directed to enter a judgment of dismissal with prejudice on Count I and dismissal without prejudice on Count II.   Defendant Lilly's motion to strike in part the proposed class and class definition [55] is denied as moot.   Civil case terminated.

E N T E R:

Dated: February 22, 2022

_____
MARY M. ROWLAND
United States District Judge

8